IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robbie L. Stuart and　　　　　　　　　：
Stuart Run Farm, LLC,　　　　　　　　：
　　　　　　　　Appellants　　　　　　：
　　　　　　　　　　　　　　　　　　　：
　　　　　v.　　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　　　　：
East Drumore Township　　　　　　　　：
Zoning Hearing Board and　　　　　　　：　No. 19 C.D. 2025
East Drumore Township　　　　　　　　：　Submitted: May 14, 2026


BEFORE:　　HONORABLE ANNE E. COVEY, Judge
　　　　　　　HONORABLE STELLA M. TSAI, Judge
　　　　　　　HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY　　　　　　　　　　　　　　　FILED: July 31, 2026


Robbie L. Stuart (Stuart) and Stuart Run Farm, LLC (Stuart Run) (collectively, Appellants) appeal from the Lancaster County Common Pleas Court's (trial court) December 10, 2024 order affirming the East Drumore Township (Township) Zoning Hearing Board's (ZHB) decision that denied Appellants' land use appeal (Decision). Appellants present three issues for this Court's review: (1) whether the ZHB erred by upholding an enforcement notice against Stuart Run; (2) whether the ZHB erred by denying Appellants' application for a special exception (Application); and (3) whether substantial evidence supported the ZHB's findings and conclusions. After review, this Court affirms.

Stuart owns Stuart Run, which owns 26.985 acres of real property located at 496 Solanco Road in the Township's A Agricultural District (Property). Stuart Run acquired the Property by deed dated January 27, 2021. The Property is

developed with a single-family detached dwelling, a structure referred to as a bank barn located to the dwelling's west (Bank Barn), a building located to the Bank Barn's west (West Building), and a smaller building located behind the Bank Barn and West Building (Salt Building). Before Stuart Run purchased the Property, Township Zoning Officer Richard Ryan (Zoning Officer Ryan) met with and informed Appellants of the Township Zoning Ordinance's[1] (Zoning Ordinance) requirements.

On April 14, 2021, the Township issued to Stuart Run an Enforcement Notice Order to Cease and Desist (Enforcement Notice) due to two Zoning Ordinance violations: (1) a change in use without obtaining a certificate of occupancy as required by Section 120-59 of the Zoning Ordinance;[2] and (2) storing trucks, trailers, and equipment for a landscaping business on the Property and having employees report to work at the Property in violation of Section 120-16.D of the Zoning Ordinance, Zoning Ord. § 120-16.D.[3] Reproduced Record (R.R.) at 1.[4]

---

[1] Codified as Chapter 120 of the East Drumore Township Code of Ordinances, adopted August 7, 1980, *as amended*. *See* https://eastdrumoretownship.org/wp-content/uploads/2022/04/ED-Zoning-Ordinance-2021-1.pdf (last visited July 30, 2026).

[2] Section 120-59.A of the Zoning Ordinance states:

> The following shall be unlawful until a certificate of occupancy shall have been applied for and issued by the Zoning Officer.
>
> (1) Occupancy and use of a building, including residences erected, reconstructed[,] or moved[,] or any change in use of an existing building.
>
> (2) Occupancy, use[,] or any change in the use of any land.
>
> (3) Any change in the use of nonconforming uses.

Zoning Ord. § 120-59.A.

[3] Section 120-16.D of the Zoning Ordinance describes permitted uses in the Township's A Agricultural District.

[4] Appellants' Reproduced Record page numbers do not include the small "a" required by Pennsylvania Rule of Appellate Procedure 2173, Pa.R.A.P. 2173 ("[T]he pages of . . . the reproduced record . . . shall be numbered separately in Arabic figures . . . thus, 1, 2, 3, etc., followed

On May 14, 2021, Appellants filed an appeal from the Enforcement Notice (Appeal). Appellants claimed therein that the Property is being improved to be used as a single-family residence, a farm to raise livestock and crops, and potentially a nursery business which is a permitted use in the A Agricultural District. *See* R.R. at 130. Appellants further asserted that a landscaping business is not being operated from the Property. *See id*.

On July 19, 2021, Appellants filed the Application seeking a Special Exception for a farm-support business. *See id*. at 149. In addition, Appellants requested a variance from the requirement to fence the outdoor storage area because installing landscape screening to shield the storage area from the view of the Township property is less expensive than the cost of providing conventional fencing. *See* R.R. at 159. Appellants further sought a variance from Section 120-39.1G of the Zoning Ordinance, Zoning Ord. § 120-39.1G, which limits the number of non-resident employees for a farm-support business to three. Appellants claimed that if this variance is denied, they will have to procure off-site parking for employees, which would be a financial hardship. *See* R.R. at 158. Lastly, Appellants requested that a row of vegetation with additional plantings closer to the Property be permitted, instead of installing fencing around the outdoor storage area to the rear of the West Building.

On August 26, 2021, the ZHB held a single hearing on the Appeal and the Application. Zoning Officer Ryan and Supervisor and Roadmaster Jim Landis (Landis) appeared for the Township and credibly testified to personally viewing trucks with the Stuart and Sons Quality Lawn Care (Landscape Business) logo parked on the Property; persons driving to the Property, parking, leaving in trucks

---

. . . by a small a, thus 1a, 2a, 3a, etc."). For consistency of reference, the citations used are as reflected in the Reproduced Record.

with the Landscape Business logo, returning to the Property and leaving the Property via the parked vehicles; mulch being loaded onto trucks with the Landscape Business logo; snowplows being stored outside on the Property; and a dump truck and a bucket truck parked on the Property.

At the hearing, Stuart and Appellants' consultant, Rick Breneman (Breneman), appeared on Appellants' behalf. Stuart testified that he is raising six beef cattle and an unspecified number of other animals, such as pigs and chickens, on the Property.[5] Stuart explained the current business use on the Property as follows. The Landscape Business operates year-round and provides snow plowing services in the winter. The Landscape Business does not have any other location. Landscape Business employees park personal vehicles behind the Bank Barn. A portion of the West Building (under 4,000 square feet) is used for the Landscape Business. Landscape Business trailers and snowplows are stored on the Property. Landscape Business vehicles are parked in the fenced area between the Bank Barn and the street, and its vehicles and equipment are maintained in the West Building and washed on the Property. The Landscape Business owns between 10 and 15 trucks. Everything associated with the Landscape Business is stored or parked on the Property. Half of the Salt Building is used to store salt. The Landscape Business brings yard waste to the Property, some of which is composted, and some burned. The Landscape Business employs an individual who works weekdays at the Property to prepare invoices (office employee). Appellants intend that 10 Landscape Business employees, in addition to Stuart and the office employee, would report to the Property, park their vehicles, take Landscape Business vehicles and equipment

_____

[5] The Appeal and the Application referenced a plant nursery proposed for an unspecified future date and Stuart testified that he had acquired seedlings for future planting. Stuart erected a greenhouse on the Property without obtaining a permit, although he requested and received a permit when informed of the violation.

4

to a job site, and return to the Property, with such employees arriving at the Property between 6:15 a.m. and 6:30 a.m. and returning between 4:30 p.m. and 6:30 p.m.

Breneman prepared a plan identifying the buildings, outdoor storage, and square footage on the Property devoted to the Landscape Business. Based on information Stuart provided, Breneman determined that the portion of the West Building devoted to the Landscape Business was 50 feet by 75 feet (3,750 square feet). Stuart testified that the West Building contains 5,000 square feet. The office for the Landscape Business is 170 square feet. Breneman calculated that 3,920 square feet of West Building area is devoted to the Landscape Business. Breneman did not include the portion of the Salt Building the Landscape Business used for salt storage in his square footage building area calculation. Breneman referenced two Landscape Business outdoor storage areas - the area to the front of the Bank Barn measuring 23 feet by 96 feet (2,208 square feet) and a proposed outdoor storage area measuring 24 feet by 125 feet (3,000 square feet) - for a total outdoor storage area exceeding 5,000 square feet. Breneman did not include the mulch and stone bins and fuel tanks in his outdoor storage area calculations. Breneman also did not include the area where the Landscape Business stores snowplows on the grass, or the racking and outdoor storage along the rear of the West Building in his outdoor storage area calculations.

On September 23, 2021, the ZHB issued the Decision denying Appellants' Appeal and Application. On October 22, 2021, Appellants timely appealed to the trial court. On November 9, 2021, the Township filed its Notice of Intervention. On December 10, 2024, the trial court denied Appellants' appeal based on the record before the ZHB. Appellants appealed to this Court.[6]

---

[6]     Where the trial court does not receive additional evidence, [this Court's] review is limited to determining whether the ZHB erred in

Initially, Section 120-16.C of the Zoning Ordinance states: "In the A Agricultural District, agriculture[7] is the primary use with residential uses subject to farm operations. Residential uses must accept the nuisances and hazards which are a normal adjunct to farming. . . ." Zoning Ord. § 120-16.C. Section 120-16.D of the Zoning Ordinance permits in relevant part the following uses "**and no others** are permitted as uses by right[,]"[8] in the A Agricultural District:

---

law or manifestly abused its discretion. The ZHB abuses its discretion only where it makes findings unsupported by substantial evidence in the record, which is relevant evidence that a reasonable mind might find adequate to support a conclusion.

*Rylka v. Zoning Hearing Bd. of Hamilton Twp.*, 352 A.3d 1105, 1115 n.10 (Pa. Cmwlth. 2026).

[7] Section 120-6 of the Zoning Ordinance defines agriculture as:

The use of land for agricultural purposes, including farming, dairying, pasturage, agriculture, horticulture, floriculture, viticulture, fish culture, animal and poultry husbandry[,] and the necessary accessory uses for packing, treating[,] or storing the produce, provided that the operation of any such accessory uses shall be secondary to that of normal agricultural activities.

Zoning Ord. § 120-6.

[8] The following accessory uses are also permitted in the A Agricultural District:

(1) Uses and structures which are customarily associated with the permitted uses such as storage buildings, outdoor storage areas, yards, gardens, play areas and parking areas.

(2) Customary home occupations . . . .

(3) Display and sale of farm products by a person farming land in the A Agricultural District . . . .

(4) Processing of farm products, where such use is designed to be accessory to the raising or growing of such products and is located on the same property on which the products are raised or grown.

(5) Signs advertising or identifying any use which has been established in the A Agricultural District as a permitted use or special exception use. . . .

(6) Manure Digester (Farm) subject to the requirements of [Section 120-47.1 of the Zoning Ordinance,] Zoning Ord. § 120-47.1.

(1) The raising of field and garden crops, vineyard and orchard farming, forestry, the maintenance of nurseries[,] and the sale of products thereof.

(2) Keeping, breeding[,] and raising of cattle (including dairies), sheep, goats, pigs, fowl[,] and horses and rental of horses . . . .

(3) Farm dwellings including facilities for permanently employed persons and families who receive housing in lieu of all or part of their wages and for the farm owner, whether or not he is farming the land.

(4) Non-farm single-family dwellings are permitted on soils with any of the eight agricultural land capability classifications, subject to [certain enumerated limitations.]

Zoning Ord. § 120-16.D (emphasis added).

Section 120-16.F of the Zoning Ordinance sets forth uses permitted in

the A Agricultural District by special exception:

> **Only the following uses and activities may be permitted by special exception <u>upon approval</u> of the [ZHB] after a public hearing and recommendation by the [Township Planning] Commission**.  Uses by special exception shall be subject to the area, height, and parking requirements and any other applicable provisions . . . .
>
> > (1) The following uses are permitted by special exception in an agricultural district . . . :
> >
> > . . . .

---

(7) Solar Energy System (Small) . . . .

(8) Solar Energy System (Medium), both rooftop and free-standing . . . .

(9) Wind Energy System (Small) subject to the requirements of [Section 120-47.2 of the Zoning Ordinance] § 120-47.2(B).

(10) Short-term Lodging Accommodations not to exceed six (6) transient occupants . . . .

Zoning Ord. § 120-16.E.

7

(i) **Farm-Support Businesses subject to the criteria set forth in [Section 120-39.1 of the Zoning Ordinance, Zoning Ord.] § 12[0]-39.1**.

Zoning Ord. § 120-16.F (bold and underline emphasis added). With respect to farm-support businesses, Section 120-39.1 of the Zoning Ordinance provides, in relevant part:

> A. Within the A [Agricultural District], **farm-support businesses** may be **permitted by special exception if** the proposed use is incidental and secondary to the principal agricultural use of the property, **and satisfies the following standards**.
>
> B. The property must have a minimum lot size of ten (10) acres.
>
> . . . .
>
> D. No more than one (1) farm-support business may be operated on a property.
>
> E. For the purposes of this section, farm-support businesses may involve any one of a wide range of uses, provided that such use remains secondary to and compatible with the active use of the property for agricultural purposes. **A farm-support business may include**:
>
> . . . .
>
> > (13) Construction tradesperson's or **landscaping business' headquarters**;
>
> . . . .
>
> G. **No more than the equivalent of three (3) nonresidents shall be employed by the farm[-]support business**.
>
> H. The use must be conducted within one completely enclosed existing building, **except up to 5,000 square feet or a fenced outdoor storage area may be used as part of the farm-support business**. No outdoor areas may be used as rental storage.

8

I. **The farm-support business shall occupy no more than a total of four thousand (4,000) square feet of gross floor area within all buildings**.

. . . .

K. **No more than one (1) acre of lot area may be used as part of the farm-support business**. . . .

. . . .

P. The farm-support business shall provide sufficient off-street parking for vehicles associated with the farm-support business (including at least one parking space for each non-resident employee, adequate parking spaces for customers and loading areas for delivery vehicles). . . .

Zoning Ord. § 120-39.1 (bold and underline emphasis added; citation omitted).

In summary, the Zoning Ordinance limits permitted activities by right in an A Agricultural District to **only** those identified in Section 120-16.D of the Zoning Ordinance, which does *not* include the operation of a landscaping business. Further, Section 120-16.E of the Zoning Ordinance does *not* permit a landscaping business as an accessory use. Only Sections 120-16.F and 120-39.1 of the Zoning Ordinance authorize a landscaping business headquarters as a farm-support business permitted by a ZHB-approved special exception.

Appellants first assert that the ZHB erred by upholding the Enforcement Notice where storing business equipment and allowing employees to park personal vehicles at the Property does not constitute operation of a business on the Property or a change in use. Appellants contend that although they operate the Landscaping Business, they were not operating the Landscaping Business on the Property because they performed such services at clients' properties, and not at the Property. Appellants claim that this Court's prior holdings in *Frederick v. Zoning Hearing Board of Conewago Township*, 713 A.2d 139 (Pa. Cmwlth. 1998), and *Lancaster Township v. Zoning Hearing Board of Lancaster Township*, 6 A.3d 1032

9

(Pa. Cmwlth. 2010), are distinguishable from the instant case. Appellants emphasize that, in those cases, this Court concluded that equipment storage and vehicle parking was sufficient to constitute the operation of a business; however, the uses therein impacted residential districts rather than an agricultural district. Appellants assert that, unlike in residential districts, common sense dictates that the parking of heavy equipment regularly occurs in an agricultural zone.

In *County of Fayette v. Blout*, 387 A.2d 167 (Pa. Cmwlth. 1978), this Court considered what activities constitute the operation of a business in a case involving an agricultural district. Therein, the property owners in an A-1 Agricultural-Rural zone (A-1 District) had obtained a zoning certificate to construct a residential garage, which was a permitted use in the A-1 District. The property owners began using the garage to store vehicles used in the operation of their commercial contracting and paving business. The county sought to enjoin the property owners from storing the vehicles in the garage, alleging a prohibited commercial use in the A-1 District under the zoning ordinance without a special exception. The trial court granted an injunction, concluding that the contracting company's garage use constituted a business or commercial operation. On appeal, this Court affirmed.

Like the activities conducted at the Property in the case at bar, the *Fayette* Court observed:

> [The a]ppellants argue that the conclusion of the chancellor that . . . **the mere parking of trucks at the end of a working day does not constitute a commercial operation**. [This Court] find[s] no merit to this argument, particularly since it essentially challenges findings made by the chancellor, amply supported by the evidence, **that the garage was <u>used to further the</u> [] <u>business enterprise</u>, rather than as an accessory to the family residence**. Moreover, it is clear that the activity complained of here constitutes more than the mere storage

10

of vehicles[,] since **the record shows employees of [the business] other than family members who lived on the property <u>reported to the garage each morning where they parked their personal vehicles and left the garage in [the business's] trucks[, and] return[ed] at the end of the work day</u>**.

*Fayette*, 387 A.2d at 169 (bold and underline emphasis added; footnote omitted).

Here, Appellants contend that incidental storage of equipment, office work, and parking employee vehicles at the Property does not rise to the level of operating a business or a change of use from the historical farm use of the Property. Notwithstanding, Appellants admitted that Landscape Business employees park their personal vehicles and Appellants store Landscape Business vehicles on the Property. The Landscape Business uses a portion of the West Building and employs an individual to do office work on weekdays at the Property. The Landscape Business stores salt in half of the Salt Building. In fact, the Landscape Business stores all of its property on the Property, including trailers and snowplows. Landscape Business maintains its vehicles and equipment on the Property in the West Building and washes them on the Property. Further, the Landscape Business brings yard waste to the Property where it composts some and burns some. In addition, the Township offered Zoning Officer Ryan's and Landis's personal observations that Landscape Business branded trucks parked on the Property, and that persons arriving at the Property, leave their vehicles, and depart and later return in Landscape Business branded vehicles that are stored on the Property.

As in *Fayette*, *Frederick*, and *Lancaster*, the activities to which Stuart admitted reflect that Appellants were conducting a business. Because they had not previously applied for and obtained a special exception to do so, Appellants violated Sections 120-16.D and 120-59 of the Zoning Ordinance. Accordingly, this Court concludes that the ZHB did not err by upholding the Enforcement Notice.

11

Appellants next argue that the ZHB erred by denying Appellants' Application. Appellants specifically contend that they established that they meet the standards for the farm-support business contained in Section 120-39.1 of the Zoning Ordinance. Appellants assert that Stuart is the owner of the farm-support business and a resident of the Property; the farm-support business will occupy 4,000 square feet or less of gross floor area within all buildings and outside storage for the farm-support business will be limited to an area of approximately 5,000 square feet; Stuart will not conduct retail sales on site; and the Landscape Business activities will utilize less than one acre. Appellants maintain that they addressed in the testimony before the ZHB the set-back requirements, disposal of waste materials, off-street parking requirements, impervious limitations, access drives, and loading areas.

Appellants further claim that to the extent that there were requests for variances to relieve Appellants from a fencing requirement and a limitation on the number of landscape employees, these requests should not relieve the ZHB from its obligation to approve a special exception without those requested variances.[9] Appellants insist that the denial of a variance request to exceed a limitation on the number of employees that are engaged in a farm-support business on the Property does not necessarily translate to a determination that the Appellants cannot otherwise meet the specific criteria for the farm-support business.

This Court has explained:

> Generally, "an [a]pplicant for a special exception has both the duty of presenting evidence and the burden of persuading the [ZHB] that his proposed use satisfies the *objective* [*or specific*] requirements of the zoning ordinance for the grant of a special exception." *Siya Real Est. LLC v. Allentown City Zoning Hearing Bd.*, 210 A.3d 1152, 1157 (Pa. Cmwlth. 2019) (quotation omitted) (emphasis added).

---

[9] Appellants do not raise a challenge to the ZHB's variance request denials herein.

*Quaker Valley Sch. Dist. v. Leet Twp. Zoning Hearing Bd.*, 309 A.3d 279, 288 (Pa. Cmwlth. 2024).

> A special exception is a use that is expressly permitted by a zoning ordinance. Once an applicant for a special exception **proves** that its proposed use **meets the criteria found in the zoning ordinance**, "it is presumed that the local legislature has already considered that **such use** satisfies local concerns for the general health, safety and welfare and that such use comports with the intent of the zoning ordinance."

*Coal Gas Recovery, L.P. v. Franklin Twp. Zoning Hearing Bd.*, 944 A.2d 832, 838-39 (Pa. Cmwlth. 2008) (emphasis added) (quoting *Broussard v. Zoning Bd. of Adjustment of the City of Pittsburgh*, 831 A.2d 764, 772 (Pa. Cmwlth. 2003), *aff'd* 907 A.2d 494 (Pa. 2006)).

Section 120-16.F of the Zoning Ordinance permits in an A Agricultural District "[f]arm-[s]upport [b]usinesses **subject to the criteria** set forth in § 12[0]-39.1." Zoning Ord. § 120-16.F (emphasis added). Section 120-39.1 of the Zoning Ordinance provides: "Within the A [Agricultural District], **farm-support businesses** may be **permitted by special exception if** the proposed use is incidental and secondary to the principal agricultural use of the property, **and satisfies**" several enumerated standards in Section 120-39.1.B-T of the Zoning Ordinance. Zoning Ord. § 120-39.1.A (bold and underline emphasis added). Thus, Appellants were required to prove that their proposed use met the criteria in the Zoning Ordinance, i.e., that it is a farm-support business **that satisfies the enumerated standards in Section 120-39.1.B-T of the Zoning Ordinance**.

Appellants admitted that they did not meet several of these standards. First, Appellants proposed 10 non-resident employees, thereby exceeding the maximum 3-employee limit in Section 120-39.1G of the Zoning Ordinance. When asked, "[c]ould you continue to operate your business with only three employees? –

Stuart replied, "[a]bsolutely not." R.R. at 55. Further, Appellants acknowledged they would not fence the outdoor storage area and, thus, Appellants failed to satisfy the fencing requirements in Section 120-39.1H of the Zoning Ordinance. The ZHB also found the area used by the Landscape Business exceeded Zoning Ordinance mandated maximum areas for a farm-support business because Breneman failed to include various areas in his building usage and outdoor storage area calculations. The ZHB ultimately concluded that the total Landscape Business building usage exceeded 4,000 square feet, and the total outside exceeded the 5,000 square feet permitted under the Zoning Ordinance. Because Appellants failed to satisfy their "burden of persuading the [ZHB] that [their] proposed use satisfies the *objective* [*or specific*] requirements of the zoning ordinance for the grant of a special exception[,]" *Quaker Valley*, 309 A.3d at 288 (quoting *Siya*, 210 A.3d at 1157), the ZHB properly denied Appellants' request for a special exception.

Finally, Appellants assert that substantial evidence does not support the ZHB's findings and conclusions because the ZHB ignored Breneman's testimony. Specifically, Appellants challenge the ZHB's conclusion that outdoor storage and the building area devoted to the Landscape Business headquarters exceed the square footage requirement of the Ordinance for a farm-support business, claiming that there was no support in the testimony or evidence offered for this conclusion.

> [A] zoning [hearing] board determines the credibility of witnesses and weighs their testimony, resolves conflicts in testimony, and, in doing so, may accept or reject the testimony of any witness in part or *in toto*. In making these determinations, a zoning [hearing] board is free to reject even uncontradicted testimony, including expert testimony, it finds lacking in credibility.

*Metal Green Inc. v. City of Phila.*, 266 A.3d 495, 506 (Pa. 2021).

The ZHB did not ignore Breneman's testimony. Rather, because Breneman did not include the portion of the Salt Building used for salt storage in his

14

Landscape Business building usage square footage calculations, the ZHB found Breneman's calculations not to be credible. Furthermore, the ZHB discounted Breneman's testimony regarding the outside area devoted to the Landscape Business because Breneman did not include as part of the outdoor storage area the mulch and stone bins and fuel tanks, the areas where the Landscape Business stored snowplows on the grass, or the racking and outdoor storage along the rear of the West Building. Based upon the record evidence, the ZHB concluded that when it included the areas Breneman omitted, the Landscape Business exceeded the permitted square footage for a farm-support business. Accordingly, the ZHB clearly considered Breneman's testimony, and substantial evidence supported the ZHB's findings and conclusions.

For all of the above reasons, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robbie L. Stuart and       :
Stuart Run Farm, LLC,       :
        Appellants       :
      :
      v.       :
      :
East Drumore Township       :
Zoning Hearing Board and       :    No. 19 C.D. 2025
East Drumore Township       :

## O R D E R

AND NOW, this 31st day of July, 2026, the Lancaster County Common Pleas Court's December 10, 2024 order is affirmed.

_____

ANNE E. COVEY, Judge